IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>               Plaintiff, )<br>vs. )<br>JACKIE DANIEL DAVIS, )<br>               Defendant. ) | Case No. 07-00157-CR-W-NKL |

ORDER

Defendant Jackie D. Davis ("Davis") is charged with several counts related to conspiracy to distribute methamphetamine, cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. On April 4, 2008, United States Magistrate Judge John T. Maughmer recommended that the Court enter an Order denying Davis's Motion to Suppress Evidence Seized from Home [Doc. # 105]. See Report and Recommendation [Doc. # 130]. The parties were advised that they could file written exceptions to the recommendation within ten (10) days pursuant to 28 U.S.C. § 636(b)(1)(C). Davis filed no objections. Having conducted an independent review of the record, the Court concludes that the recommendation of the Magistrate Judge is correct and should be adopted.

**I.    Background**

Davis seeks to suppress all evidence seized pursuant to a search warrant executed

1

on his residence at 3023 Taylor, Independence, Missouri. The search warrant was issued by United States Magistrate Judge Sarah Hays on September 19, 2007, on the basis of the affidavit provided by Special Agent Christopher Allen of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Davis argues that the affidavit "contained no facts suggesting criminal wrongdoing was occurring at Defendant's residence, or that evidence of such could be found there." Therefore, Davis asserts the affidavit did not establish probable cause to search the residence and was improvidently granted.

## II.     Discussion

The sufficiency of a search warrant is determined on the basis of the information presented to the issuing judicial officer. *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986). The decision to issue the warrant is to be upheld if supported by a substantial basis in the record. *Id.*; *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984) (per curiam). *See* also, *United States v. Arenal*, 768 F.2d 263, 266 (8th Cir. 1985); *United States v. Robinson*, 756 F.2d 56, 56-60 (8th Cir. 1985). The issuing judge's determination of probable cause is entitled to great deference. *United States v. Arenal*, 768 F.2d at 266; *United States v. Ross*, 713 F.2d 389, 393 (8th Cir. 1983). In determining whether the judge had a substantial basis for finding probable cause, it is unimportant that individual corroborating facts appear to exemplify innocent or guilty activities; it is how these facts fit together in the entirety which concerns a reviewing court. *United States v. Robinson*, 756 F.2d at 59-60.

In Davis's case, the 22 page affidavit presented to Judge Hays sets forth extensive

evidence of a scheme to launder drug proceeds through Dayton Wheel and Tire, a business owned by Defendant Davis. Specifically, the affidavit presents evidence of narcotics trafficking (including several undercover "buys" of methamphetamine); evidence of assets and expenditures of income by Defendant Davis that were unsupported by sufficient legitimate income; and evidence of the commingling of drug proceeds with business income from Dayton Wheel & Tire in order to conceal the source and nature of the drug proceeds. The affidavit further provides:

> Your affiant knows, from training and experience that all individuals, including drug traffickers maintain at their residences and/or business, records, documents and other papers obtained as a result of the various financial transactions in which they engaged. Without access to those documents, the trafficker cannot exercise control over those assets, including use of and access to bank accounts, sale or transfer of real estate, renewal of registrations of vehicles, repairs or service of vehicles and sale of vehicles. Affiant further believes that the information set forth in this affidavit demonstrates that numerous financial records and documents, described in this affidavit, are maintained by Davis at his residence located at 3023 Taylor Drive, Independence, Missouri, and that these financial records are evidence of the commission of money laundering, in violation of Title 18, United States Code, Section 1956 and 1957.

(Doc. 130, 3).

Probable cause to issue a search warrant exists when an affidavit sets forth sufficient facts to make a prudent person believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Arenal*, 768 F.2d at 266; *United States v. Robinson*, 756 F.2d at 59-60. A determination whether probable cause has been established involves a practical, common-sense evaluation of the totality of the circumstances. *United States v. Reivich*, 793 F.2d at 959.

Considering the totality of the above circumstances set out in Special Agent Allen's affidavit, Judge Hays had a substantial basis for concluding that there was probable cause to believe that evidence of Defendant Davis's scheme to launder the proceeds of his narcotics trafficking through the operations of Dayton Wheels & Tire would be found at his residence at 3023 Taylor, Independence, Missouri. Further, even if the warrant in the instant case was found to be deficient, suppression of the evidence seized during the execution of the warrant would not be appropriate in light of the executing officer's good faith reliance on the validity of the warrant. *United States v. Leon*, 468 U.S. 897 (1984).

Accordingly, it is

ORDERED that Judge Maughmer's Report and Recommendation of April 4, 2008 [Doc. # 130], is ADOPTED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 2, 2008  
Jefferson City, Missouri

4